PATERNO v. CITY OF NEW YORK (four cases).

ROSALIO v. SAME.

(Supreme Court, Appellate Division, Second Department.  January 8, 1909.)

MUNICIPAL CORPORATIONS (§ 845*)—FLOODING CELLARS—ACTION FOR DAM-AGES—EVIDENCE—SUFFICIENCY.

Evidence in actions against a city for negligently flooding cellars *held* insufficient to sustain judgments for plaintiffs.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 845.*]

Appeal from Trial Term, New York County.

Actions by Frank Paterno and by Michael Rosalio against the City of New York.  From judgments for plaintiffs, defendant appeals.  Reversed, and new trial awarded.

Argued before HIRSCHBERG, P. J., WOODWARD, JENKS, GAYNOR, and MILLER, JJ.

James T. O'Neil, for appellant.

GAYNOR, J.  These five cases were tried before the same municipal justice.  In each the judgment rests on the unsupported evidence of the plaintiff and judgment was given for the full amount claimed.  They are for damages for the alleged flooding of the cellars of the plaintiffs by the negligence of the city.  Four of them are by the same plaintiff.  It is doubtful if such improbable or false testimony ever imposed on a court before.  The story is that it rained and of a sudden a flood of water poured down the cellar steps into the bakeries of the plaintiffs from the street and filled the cellars to a depth of five feet.  The thing was so sudden according to the story of the plaintiffs that they and their workmen had to run to save their lives, to use the exact words.  They did not close the cellar door because it would make the cellar too dark.  The floods were at four different times.  One plaintiff, it so happened, had exactly 50 barrels of flour and 5 bags of salt in his bakery cellar at three of the floods, and he bought them and they were delivered to him that very morning, although he could not tell the name of the seller or his place of business.  A salesman came along and did the business.  The cellars were the ordinary ones of medium sized residences, about 20 feet by 40 feet; and yet each had from 50 to 80 barrels of flour in it, and also about 1,000 loaves of bread, and ample room seems to have remained for ovens, utensils, litter and working space.  These are samples from the testimony of the two plaintiffs.  They waited over two years before bringing action.  On cross-examination the counsel for the city asked if some one had not come to their places and solicited or suggested the actions, but the municipal justice would not have it; he excluded any such inquiry, as well as other inquiries tending to show the exaggerations of the plaintiffs.  No one was called to corroborate the plaintiffs as to the floods, as to the damage or in any respect, although every one in the locality must have known of the floods if they ever occurred.  The city called

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

several witnesses who testified that no such floods had occurred. If they did occur, there is no evidence showing that the city caused them. Altogether the judgments are inexplicable. The cases are the same as that of Punsky v. City of New York (Sup.) 114 N. Y. Supp. 66, in which we recently reversed the judgment. The city cannot be made the victim of such judgments as these.

The judgments should be reversed. All concur.